## No. 2732.—THE STATE OF LOUISIANA v. JACOB MORNINGSTAR.

The fact that a person was called to serve as a talisman on a jury in a criminal trial, who had been exempted from serving on the regular panel, did not vitiate the jury. *Per curiam:* Such a juror might have served on the regular panel, if he had chosen to waive his exemption.

The counsel for the accused asked the judge to incorporate in his charge to the jury certain extracts furnished from decisions, to which the judge informed the jury that he had already given to them the substance of the extracts referred to as law. Held—That the reasons, given by the judge for not giving the charge, were sufficient.

APPEAL from the Second Judicial District Court. *Pardee, J.* *Z. McKay,* District Attorney, for appellee. *R. L. Preston,* for appellant.

LUDELING, C. J. The defendant was indicted for the murder of Alex. Wright on the twenty-fourth day of March, 1869; he was tried and convicted of murder without capital punishment, and he has appealed to this Court.

The first bill of exceptions is, that persons who were exempted from jury duty, were drawn as jurors on the *venire* and that this fact vitiates the whole panel.

The law requires that the jury shall be drawn from the list of registered voters. Acts of 1868; No. 110, p. 142.

This seems to have been done. If from this list of registered voters the names of persons, who are exempt, were drawn, that fact could not affect the legality of the drawing—nay, the exempted persons might have served as competent jurors, if they had chosen to waive their exemption.

The second bill of exceptions was to the refusal of the judge to incorporate in his charge certain extracts from the cases of the State *v.* Chandler, 5 An. 490, and Camonche *v.* Baris, 6 An. 97.

The judge states that he informed the jury that he had already given to them the substance of the extracts referred to as law. We think that was sufficient.

It is therefore ordered that the judgment be affirmed with costs of appeal.